IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MAURICIO FERREYROS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Civil Action No. 1:24-00021-KD-C |
| | ) |
| **COX OPERATING LLC,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the Motion to Amend Complaint filed by Plaintiff Mauricio Ferreyros ("Plaintiff"). (Doc. 21). On January 19, 2024, this case was transferred from the U.S. District Court for the Eastern District of Louisiana to this Court. (Doc. 11). Plaintiff seeks leave to amend the Complaint to "clean up the pleading, by correcting the caption of this matter to reflect the court in which it is now pending, by clarifying certain factual statements pertaining to the Coast Guard vessel involved in the alleged occurrence, and by correctly asserting the basis for subject matter jurisdiction, personal jurisdiction and venue in this Court." (Doc. 21 at 2). Plaintiff does not seek to join any additional defendant(s)[1] or additional claim(s). (Compare Doc. 21-3 with Doc. 1).

Per Rule 15(a),

(a)  AMENDMENTS BEFORE TRIAL.

   (1) *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course no later than:

   (A) 21 days after serving it, or

---

[1] Cox Operating LLC, Cox Oil Offshore, LLC, and the United States of America ("United States") (collectively "Defendants") are the named defendants in this action. (See Doc. 21-3).

1

> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). Here, no defendant has filed an answer or motion under Rule 12(b), (e), or (f). However, even if it would have been permissible for Plaintiff to amend the Complaint as of right given that fact,[2] by choosing instead to seek the Court's leave to file the proposed Amended Complaint, Plaintiff waived his right to amend as a matter of course. Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) (per curiam) ("[I]n doing so, [the plaintiff] waived the right to amend as a matter of course and it invited the District Court to review its proposed amendments. [The plaintiff] cannot then complain that the District Court accepted this invitation."); Daker v. Comm'r, Ga. Dep't of Corr., 850 F. App'x 731, 733 (11th Cir. 2021) (per curiam) (quoting same); Newsome v. Scottsdale Ins. Co., No. 20-CV-402-KD-MU, 2022 WL 17477919, at *1 (S.D. Ala. Dec. 6, 2022) (citing Daker and Coventry First).

Plaintiff contends that the United States consents to Plaintiff's filing the proposed Amended Complaint and "although the Cox defendants have yet to appear, they too, through their counsel consent to plaintiff's filing the proposed superseding complaint." (Doc. 21 at 1-2). Plaintiff includes a "Certificate of No Opposition," (Doc. 21-1), that is *only* signed by *Plaintiff's* counsel. The Court declines to construe such as the "opposing part's written consent" per Fed. R.

---

[2] See Villery v. D.C., 277 F.R.D. 218, 219 (D.D.C. 2011) ("In cases involving multiple defendants, a plaintiff may file an amended complaint as of right concerning only those defendants who, at the time the plaintiff files his amendment, have not yet filed an answer or a Rule 12(b), (e), or (f) motion, as well as those defendants who, at the time the plaintiff files his amendment, have filed an answer or a Rule 12(b), (e), or (f) motion, but who have made that filing exactly or fewer than 21 days before the plaintiff files his amendment.").

Civ. P. 15(a)(2). 6 Wright & Miller, Fed. Prac. & Proc. § 1490 (3d ed.) ("When the consent is obtained out of the court's presence it should be subscribed by the party granting it.").

Even so, Rule 15(a)(2) instructs the Court to "freely give leave" to amend "when justice so requires." Therefore, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." Shipner v. E. Air Lines, Inc., 868 F.2d 401, 406 (11th Cir. 1989). Courts "may consider several factors when deciding whether to grant a motion to amend, including undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1340 (11th Cir. 2014) (cleaned up). Upon review, there is no indication in the record of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to Defendants via the amendment, and/or futility.

Since the Court has not ascertained any substantial reason to deny Plaintiff's motion, and because Plaintiff represents to the Court that the motion is unopposed, the interests of justice indicate that it should be granted. See Borden, Inc. v. Fla. E. Coast Ry. Co., 772 F.2d 750, 757 (11th Cir. 1985) ("There is a strong policy embodied in the Federal Rules of Civil Procedure, and Rule 15 particularly, favoring the liberality of amendment.").

Accordingly, any **objection** shall be filed on or before **March 29, 2024**. If no objection is filed, then the motion to amend is **GRANTED** without further action by this Court and Plaintiff shall file the **Amended Complaint** on or before **April 5, 2024**.

**DONE** and **ORDERED** this **22nd** day of **March 2024**.

> **s / Kristi K. DuBose**
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**